(131 So. 301)

**J. R. WATKINS CO. v. JONES et al.**

No. 27210.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

O. H. Carter, of Franklinton, for appellant.

Ott & Johnson, of Franklinton, for appellees.

ST. PAUL, J.

Plaintiff sues these defendants as sureties on a contract by which it was to sell to one John L. Magee such goods and merchandise as the latter might require, and in which it was set forth that said Magee was then indebted to the plaintiff in the sum of $2,796.24. The defendants were to pay for such goods as Magee purchased and did not pay for, and also Magee's indebtedness at the time.

Magee paid for all purchases made, and even $132.75 on account of the past indebtedness; and this is a suit for the balance of the past indebtedness, to wit, $2,663.49.

The defense is that there was no consideration for the assumption of this past indebtedness. And the trial court thought the defense well founded.

Now the consideration for becoming surety for the past indebtedness was the extension of time thereon; but the past indebtedness was to become due at any time the agreement between plaintiff and Magee should be terminated, and that agreement provided that it might be terminated at any time by either party on giving notice to the other. Hence

there was no obligation on the part of plaintiff to extend payment of the past indebtedness, since it could terminate the agreement at will and demand payment at once. In other words, on the very day the agreement was signed, the plaintiff might have terminated it and demanded payment of the past indebtedness; so that no extension thereof whatsoever was granted.

We think the trial court was correct.

### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., dissents.